PROB 12C
(6/16)

Report Date: April 23, 2020

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Billy J. Koschney          Case Number: 0980 2:17CR00128-RMP-6

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 10, 2018

Original Offense:      Bank Fraud, 18 U.S.C. § 1344(1)

Original Sentence:     Prison - 116 Days;          Type of Supervision: Supervised Release
                       TSR - 60 Months

Asst. U.S. Attorney:   David M. Herzog             Date Supervision Commenced: January 10, 2018

Defense Attorney:      Federal Public Defender     Date Supervision Expires: January 9, 2023

## PETITIONING THE COURT

**To issue a SUMMONS**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. Koschney is alleged to have violated standard condition number 13 by failing to advise the undersigned officer, as previously directed, of a need to reside away from his previously established residence for a period between April 15 and 22, 2020, and by failing to allow the undersigned officer to conduct a virtual home inspection at his previous place of residence on April 16, 2020.<br><br>On January 16, 2018, Mr. Billy Koschney signed his conditions relative to case number 2:17CR00128-RMP-6 indicating he understood all conditions as ordered by the Court. Specifically, Mr. Koschney was made aware by his U.S. probation officer that he was required to follow all instructions of the undersigned officer related to his conditions of supervised release. Mr. Koschney was additionally advised of his need to advise the undersigned officer of any need to reside away from his assigned residence. Mr. Koschney was again reminded of this requirement and given instruction by the undersigned officer on March 2, 2020. |

Prob12C
Re: Koschney, Billy J.
April 23, 2020
Page 2

Specifically, on April 15, 2020, the client was contacted by the undersigned officer using text messaging in an effort to schedule a time in which a virtual home contact could be conducted. Mr. Koschney responded and indicated he had traveled to Loon Lake, Washington, to attend a friend's barbeque, but committed to returning tomorrow evening and to contacting the undersigned officer so a virtual home inspection of his current residence could be conducted.

On April 17, 2020, following the client's failure to contact the undersigned officer as agreed, Mr. Koschney was again contacted using text messaging and apologized stating he had decided to "indulge in the beauty that is the great outdoors" a couple extra days. The client again committed to contacting the undersigned officer upon his return to Spokane.

On Tuesday, April 21, 2020, and Wednesday, April 22, 2020, the undersigned officer attempted to contact the client both by phone and text messaging. Upon attempting to contact the client telephonically, the undersigned officer received an automated message indicating the call could not be completed due to "calling restrictions" as set on the device. Text messages sent to the client on the days in question subsequently went without response.

On April 22, 2020, at 4:33 p.m., the undersigned officer received a text message from the client's girlfriend noting the client had asked her to send this officer a message noting he had run out of time on his phone and only just realized it. On April 23, 2020, the undersigned officer was able to make contact with the client who indicated he had in fact become engaged in an argument with his previous landlord which is why he had traveled to Loon Lake, although indicated he did not intend to stay for the length of time he ended up staying. Mr. Koschney noted he had attempted to contact his previous landlord this date on several occasions but he was continually hung up on. The client indicated that he guessed he was "no longer staying there." Mr. Koschney was confronted about not being fully transparent with the undesigned officer as to the reason he had traveled to Loon Lake, not advising the undersigned officer of any need to stay away from his previously established residence in excess of 1 week, and what would appear to be a need for a change in residency. Mr. Koschney apologized for the conduct and indicated he had not advised the undersigned officer due to feeling poorly about his current lack of employment and housing.

2    **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Koschney is alleged to have violated standard condition number 13 by failing to contact the undersigned officer, as previously directed, on Monday, April 20, 2020.

On January 16, 2018, Mr. Billy Koschney signed his conditions relative to case number 2:17CR00128-RMP-6 indicating he understood all conditions as ordered by the Court. Specifically, Mr. Koschney was made aware by his U.S. probation officer that he was required to follow all instructions of the undersigned officer related to his conditions of supervised release.

Specifically, on March 2, 2020, Mr. Koschney reported to the U.S. Probation Office in Spokane to further discuss a recent incident in which the client was found to have been living away from his previously established residence, and in which he subsequently failed

Prob12C
Re: Koschney, Billy J.
April 23, 2020
Page 3

to advise the undersigned officer. Mr. Koschney was provided clear instruction on advising the undersigned officer as to any need to stay, even temporarily, away from his established residence, as well as the directive he begin checking in with the undersigned officer every Monday as to his current well-being, living situation and employment status to which he committed. On April 20, 2020, Mr. Koschney failed to check in with the undersigned officer as directed.

On Tuesday, April 21, 2020, and Wednesday, April 22, 2020, the undersigned officer attempted to contact the client both by phone and text messaging. Upon attempting to contact the client telephonically, the undersigned officer received an automated message indicating the call could not be completed due to "calling restrictions" as set on the device. Text messages as sent to the client on the days in question subsequently went without response.

On April 22, 2020, at 4:33 p.m., the undersigned officer received a text message from the client's girlfriend about his current status and on April 23, 2020, the undersigned officer was able to make contact with the client who admitted to the conduct and apologized stating he was feeling poorly about his current lack of employment and housing, had lost one of his cell phones, and had the other phone shut off due to non-use.

3   **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Koschney is alleged to have violated standard condition number 7 by failing to secure and maintain any form of verifiable employment since August 2019.

On January 16, 2018, Mr. Billy Koschney signed his conditions relative to case number 2:17CR00128-RMP-6 indicating he understood all conditions as ordered by the Court. Specifically, Mr. Koschney was made aware by his U.S. probation officer that he was required to obtain and maintain employment.

Specifically, on April 23, 2020, Mr. Koschney was questioned as to his current employment status at which time he indicated he remains unemployed. Mr. Koschney was previously and most recently employed from March to August 2019, working for Fiber-Tech Industries, but he cited a slow down in business and ultimately a significant lay off at the company as the reasoning for his departure. Mr. Koschney continues to note employment searching efforts and he consistently states promising job leads; however, currently remains unemployed.

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

Prob12C
**Re: Koschney, Billy J.**
**April 23, 2020**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    April 23, 2020

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[  ]   No Action
[  ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[  ]   Other

*Rosanna Malouf Peterson*

Signature of Judicial Officer

5/6/2020

Date