PROB 12C
(6/16)

Report Date:  October 26, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Billy J. Koschney         Case Number: 0980 2:17CR00128-RMP-6

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 10, 2018

Original Offense:      Bank Fraud, 18 U.S.C. § 1344(1)

| | | |
|---|---|---|
| Original Sentence: | Prison - 116 Days;<br>TSR - 60 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | David M. Herzog | Date Supervision Commenced: January 10, 2018 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: January 9, 2023 |

---

## PETITIONING THE COURT

To **ISSUE A WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 4/23/2020, and 10/15/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

**Supporting Evidence**: Mr. Billy Koschney is alleged to have violated mandatory condition number 3 by ingesting both methamphetamine and Oxycodone on or about October 9, 2020, based on urinalysis testing and the client's admission of such use relative to his alleged ingestion of methamphetamine and based on urinalysis testing relative to the client's alleged ingestion of Oxycodone.

On January 16, 2018, Mr. Koschney signed his conditions relative to case number 2:17CR00128-RMP-6 indicating he understood all conditions as ordered by the Court. Specifically, Mr. Koschney was made aware by his U.S. probation officer that he was required to refrain from any unlawful use of a controlled substance.

Specifically, on October 20, 2020, the undersigned officer received two laboratory confirmation reports specific to Mr. Koschney, and as provided through e-mail by the Spokane Residential Reentry Center (RRC) director. The first report notes a urinalysis sample collection date of October 9, 2020, which occurred on the day of the client's arrival

at the Spokane RRC. The lab report serves to confirm the sample as submitted by the client as being positive for both methamphetamine and Oxycodone. The second laboratory report notes a urinalysis sample collection date of October 13, 2020, and serves to confirm the sample as submitted by the client as being positive for methamphetamine. It should be noted that based on the level of methamphetamine present in the client's samples during testing, the evidence suggests the second report in of itself is not indicative of new use, but rather residual from the client's original use as previously occurring on or prior to October 9, 2020.

On October 23, 2020, Mr. Koschney contacted the undersigned officer telephonically in an effort to respond to both a voice mail and a text message left for and sent to the client, respectively, by the undersigned officer on October 22, 2020, requesting a return call from the client. Upon questioning, Mr. Koschney admitted to previously ingesting methamphetamine occurring on or about October 8, 2020, initially stating he had engaged in self sabotage noting he had considered simply being returned to custody as opposed to being returned to the Spokane RRC. Mr. Koschney then indicated that he instead wanted to be honest with the undersigned officer and advised he had taken the substance to enhance his physical performance, and, therefore, his partner's physical pleasure during intimacy, prior to submitting to the Spokane RRC as he did not know when he would see her again.

Mr. Koschney advised his use of methamphetamine constituted his first use of any illicit substance during the current term of supervised release and he advised of no urges or desires to use further, again indicating he only did so for the benefit of his partner. Mr. Koschney denied at any point ingesting Oxycodone, and advised he was unsure how the substance could have entered his system. Mr. Koschney did advise that he had been up front and honest with RRC staff about his use of methamphetamine upon his arrival, but he indicated he had not advised the undersigned officer as he had not had time and then later thought he would simply see "how it played out."

7      **Special Condition #10**: You must reside in a residential reentry center (RRC) for a period of up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: Mr. Billy Koschney is alleged to have violated special condition number 10 by terminating his placement at the Spokane RRC on October 25, 2020, at 4:20 a.m.

On September 29, 2020, Mr. Koschney appeared before Your Honor telephonically, due to the COVID-19 pandemic, for the purpose of revocation. As a part of the hearing, Your Honor modified Mr. Koschney's conditions to include a condition requiring the client to reside at the Spokane RRC, as of the soonest possible bed date. This condition modification was reviewed with the client by the Court as a part of the proceeding.

On October 9, 2020, Mr. Koschney reported to the Spokane RRC to begin his required term of placement as ordered by the Court. Mr. Koschney was advised that he would be considered for release following proven stability in the community, to include secured employment, consistent payments made toward his owed restitution, and obtaining suitable residency.

Prob12C
**Re: Koschney, Billy J.**
**October 26, 2020**
**Page 3**

On October 25, 2020, at 4:08 a.m., the undersigned officer received a voice mail from the client who advised that he needed the undersigned officer to immediately answer the phone, noting he had a personal health issue and he had traveled to Deaconess Hospital to be seen, but was then asked by the Spokane RRC to return, at which time he did. Mr. Koschney indicated that upon his return he was denied a pass to return to the hospital, with staff advising him if he left the RRC he would be considered to have absconded. The client noted that he would call back in 15 minutes. At 4:13 a.m., the undersigned officer received a second voice mail from the client who advised that he had made the decision to depart from the Spokane RRC, and would contact the undersigned officer on Monday, October 26, 2020. The client advised that he was more concerned for his health than he was for remaining at the Spokane RRC.

On October 25, 2020, at 4:32 a.m., the undersigned officer received an e-mail from the assistant director with the Spokane RRC, who advised that at around 11:10 p.m., on October 24, 2020, she had received a phone call from facility staff who advised Mr. Koschney was requesting to travel to the emergency room due to a personal health concern. As a result, Mr. Koschney was signed out of the facility to Deaconess Hospital. At 1:15 a.m., on October 25, 2020, the assistant director was contacted by facility staff who advised that staff had not heard from the client and he had not checked into the hospital. At 1:19 a.m., the client contacted the Spokane RRC from a random number and advised he was waiting for an Uber at a gas station. At approximately 3 a.m., the assistant director was again contacted and advised that staff had again not heard from the client and they had contacted Sacred Heart, Deaconess and Spokane Valley hospitals, all of whom reported the client had not checked in with the facilities.

On October 25, 2020, at 3:15 a.m., Mr. Koschney contacted the Spokane RRC while at Sacred Heart Hospital and advised he was in the waiting room. Mr. Koschney was at that time directed to return to the Spokane RRC. At 4:05 a.m., Mr. Koschney arrived back at the Spokane RRC at which time he was denied a request to immediately return to the hospital. Mr. Koschney at that time accused staff of denying him access to medical care, packed his belongings and departed the facility.

The U.S. Probation Office respectfully recommends the Court **ISSUE A WARRANT** and incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    October 26, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

**Prob12C**
**Re: Koschney, Billy J.**
**October 26, 2020**
**Page 4**

THE COURT ORDERS

[  ]   No Action
[ X ]   The Issuance of a Warrant
[  ]   The Issuance of a Summons
[  ]   The incorporation of the violation(s) contained in this
      petition with the other violations pending before the
      Court.
[  ]   Defendant to appear before the Judge assigned to the
      case.
[ X ]   Defendant to appear before the Magistrate Judge.
[  ]   Other

_____
Signature of Judicial Officer

_____10/26/2020_____
Date